Filed 10/3/24  P. v. Gonzales CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANDREW JOSEPH GONZALES, JR.,<br><br>    Defendant and Appellant. | G063428<br><br>(Super. Ct. No. 21NF0139)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Elizabeth G. Macias, Judge. Affirmed.

Lisa M. Zember, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

In 2022, Andrew Joseph Gonzales, Jr., pleaded guilty to various crimes and enhancements. Under the terms of a plea agreement, the trial court suspended a four-year prison sentence and granted formal probation with terms and conditions. In 2023, after the trial court presided over an evidentiary violation of probation (VOP) hearing, the court revoked Gonzales's probation and imposed the four-year prison sentence.

Gonzales filed a notice of appeal from the trial court's order revoking probation. This court appointed counsel for Gonzales on appeal. Appointed appellate counsel filed an affidavit and an opening brief raising no arguable issues.[1] (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Gonzales did not file a supplemental brief on his own behalf.

In the interest of justice, this court has independently reviewed the record. (See *People v. Freeman* (2021) 61 Cal.App.5th 126, 133–134 [*Wende* review is generally not available following a VOP hearing]; but see *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may . . . exercise its discretion to conduct its own independent review of the record in the interests of justice"].)

We find no arguable issues and affirm the trial court's order.

---

[1] We note that appointed appellate counsel failed to set out the applicable facts presented at the evidentiary VOP hearing. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503 ["In all future criminal appeals arising from proceedings other than the first appeal of right, where appointed counsel finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief *setting out the applicable facts* and the law"], italics added.)

# I.

## FACTS AND PROCEDURAL BACKGROUND

On March 25, 2022, the People filed an amended information charging Gonzales with residential burglary, child abuse, and resisting arrest. Under a plea agreement, Gonzales pleaded guilty to the charged crimes. The court suspended execution of the sentence (four years) and placed Gonzales on formal probation with various terms and conditions: one year in jail, pay fines and fees, use no unauthorized drugs, complete a 52-week batterer's treatment program, etc.

On May 3, 2023, the probation department filed a VOP petition. The petition alleged 12 probation violations, which included: multiple failures to report to probation, a failure to enroll and attend a drug treatment program, a violation of law (misdemeanor brandishing of a weapon), positive drug tests, a failure to complete the batterer's treatment program, and failure to notify probation when changing residences.

On October 30, 2023, the trial court began a multiday evidentiary VOP hearing. A civilian witness testified as to the misdemeanor brandishing of a weapon charge. The witness said that after Gonzales had cut him off with his vehicle, Gonzales came after the witness with some kind of weapon in his hand. A probation officer testified as to Gonzales's other alleged violations. Gonzales testified on his own behalf.

On November 6, 2023, at the conclusion of the evidentiary hearing, the court found "there is a probation violation as to all counts, even with mitigating information as presented by counsel, and I'm going to be imposing the four-year sentence that was stayed when Mr. Gonzales was originally sentenced."

On December 8, 2023, Gonzales filed a notice of appeal from the trial court's order. This court appointed counsel who filed a *Wende/Anders* brief.

## II.

## DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal from a postjudgment proceeding, an appellate court may independently review the record for arguable issues. (*Delgadillo, supra*, 14 Cal.5th at p. 230; *Wende, supra*, 25 Cal.3d at pp. 441-442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, we have independently reviewed the record in the interests of justice and concur with appointed counsel that there are no arguable issues. (See *People v. Johnson, supra*, 123 Cal.App.3d at pp. 109–110.)

4

## III.

## DISPOSITION

The trial court's order revoking probation and imposing a suspended four-year prison sentence is affirmed.


                                    MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


GOODING, J.